## THE DALZELLANCE.

## THE EDWARD A. MESECK.
### No. 17457.

District Court, E. D. New York.
June 21, 1946.

Burlingham, Veeder, Clark & Hupper, of New York City (Stanley R. Wright, of New York City, of counsel), for libellant.

Kirlin, Campbell, Hickox & Keating, of New York City, for claimant.

GALSTON, District Judge.

On the afternoon of February 1, 1943, the steamtug Dalzellance was proceeding down the North River, about three hundred to three hundred and fifty feet off the New York piers. The weather was clear, the tide the last of the ebb. Coming up the river was the steamtug Edward A. Meseck, somewhat further down in the stream. At about the time the vessels sighted each other the Dalzellance was about off Pier 25, and the Meseck off Pier 19. The Meseck sounded a two whistle blast, which was answered by a like blast from the Dalzellance. It seems to be conceded that the vessels would have passed starboard to starboard if they had continued on their courses. However, the Meseck pulled somewhat to her port, and though the matter was in dispute, the weight of the testimony is that the Dalzellance steered a somewhat zigzag or broken course. When this was observed by the Meseck she changed her course to her starboard. At about the same time the Dalzellance altered her course to port. Thus both vessels were heading in towards the New York shore with the result that the Dalzellance came in contact with the end of Pier 22, and to use the term of some of the witnesses in the case, "bounced off" and was struck then on her starboard side by the on-coming Meseck.

Any sort of careful attention to the original exchange of signals should have avoided this accident. I think both vessels were at fault. The broken course of the Dalzellance undoubtedly was difficult to interpret. However, the uncertainty was not evidenced by any added signals given by the Meseck. The situation certainly called for some such signal, alarm or otherwise, 33 U.S.C.A. § 203, Rule III. Thus fault must be ascribed to the Meseck in attempting a port to port passing after the starboard to starboard signals had been given and accepted. Both vessels were at fault; consequently only half damages will be allowed the libellant.

With the filing of this opinion appropriate findings of fact and conclusions of law will also be filed.